IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    **Plaintiff,**

vs.

KIM T. COLLINS,

    Defendant.                                 No. 12-CR-30259-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court is the defendant's motion for reduction of sentence pursuant to Amendment 782 filed by counsel for defendant (Doc. 36). The government opposes the motion (Doc. 37). Based on the record and the following, the Court denies the motion.

Collins, by and through counsel, Assistant Federal Public Defender Ethan Skaggs, moves this Court to reduce his sentence from 90 months to 72 months pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. §2D1.1.[1]  The government opposes the motion. The government acknowledges Collins is *eligible* for a reduction but argues, considering the applicable § 3553 factors, a reduction is not *warranted*. The government urges the Court to use its discretion and deny the requested motion. The Court agrees with the government's analysis.

---

[1] The Court notes that the undersigned routinely, in the 782 reduction cases, has the probation office prepare a worksheet that outlines whether, in the opinion of the probation officer preparing the worksheet, defendant is entitled to a reduction and, if so, what the resulting guideline range would be. Probation's calculations are consistent with those presented by the defendant.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant ... has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)...." "In any individual case, however, such a reduction is discretionary." *U.S. v. Purnell*, 701 F.3d 1186, 1190 (7th Cir. 2012). "In deciding whether a reduction is appropriate, a district court considers the applicable § 3553(a) factors (though the court need not analyze each one), as well as the defendant's post-sentencing conduct and any threat to the public posed by early release." *U.S. v. Madden*, 15-3344, 2016 WL 3316976, at *1 (7th Cir. June 15, 2016)

Collins committed, and was convicted of, another federal offense while serving his term of imprisonment in the instant case. Defendant was convicted in the Southern District of Illinois of Escape in the case of *United States v. Collins*, Case No. 3:15-CR-30017-DRH. Defendant was sentenced to 18 months imprisonment, to run consecutive to his sentence in the instant case.

The Court recalls the circumstances of Collins' escape. Collins was trusted by the Bureau of Prisons to handle a transfer from a prison in Arkansas to a prison closer to his home on his own, being put on a bus to St Louis with a transfer to a bus to Marion and instructions to take a taxi to the prison. Instead, when he got to St Louis, he had his girlfriend pick him up. Clearly, his conduct demonstrates that he has failed to adjust appropriately to corrective treatment. The court recognizes that his "walk-away" escape does not constitute a crime of

violence, but it is a crime none-the-less and all the more egregious since it directly involves the incarceration he now seeks to have reduced. His criminal conduct of escape justified not only another prison term but a finding by this court that he should not have his sentence reduced as he remains a person in need of corrective treatment. Put another way, defendant's escape demonstrates a person who still exhibits not only a willingness but a propensity toward criminality and one from whom the public must be protected.

Given the conduct described herein, considering the applicable 3553(a) factors as well as the defendant's post-sentencing conduct and any threat to the public posed by early release, the Court finds that a reduction is not warranted in the instant case.

Accordingly, in the exercise of the Court's discretion, the motion to reduce (Doc. 36) is **DENIED.**

**IT IS SO ORDERED.**

Signed this 17th day of August, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.08.17 10:44:56 -05'00'

**United States District Judge**